AOC INTERNATIONAL, ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 84-06-00739

Before WATSON, *Judge.*

(Dated June 7, 1985)

WATSON, *Judge:* The government has moved the court to reconsider its order in Slip Op. 85-50 that the parties be given access to the

confidential documents in the administrative record at the offices of the International Trade Administration of the Commerce Department (ITA) in Washington, D.C.

The government acknowledges that the Commerce Department has the original documents and one copy. (A second copy was filed with the Court pursuant to law.) The government informs the Court that neither the government's copy nor the original documents were assembled in the same order at the same time. It further states that it is impossible for the ITA to assemble the documents in the order identical to that in which they were filed in Court without first obtaining the Court's certified copy. The government now reveals that the original documents do not contain the document numbers appearing on the record filed with the Court and are not collated according to the certified index filed with the Court. The ITA assertedly will not be able to certify the accuracy of the administrative record which would be made available in Washington, D.C.

Once again, the government proposes limiting the access of the parties to the record filed with the Court. Alternatively, the government proposes returning the confidential documents to the Commerce Department for duplication or, finally, allowing access in Washington despite the fact that the documents are not assembled in the same order as the copies filed in Court, dividing the cost of the copying between the non-governmental parties and, as a final touch, requiring the parties to acknowledge that the record made available to them in Washington may not be an exact duplicate of the record filed with the Court.

The Court refuses to accept the disorderliness of documents in the possession of the agency as a justification for restricting the access of parties to them. By virtue of the priority given to these actions and the Court's inherent power to supervise the conduct of actions the Court will continue to insist that parties have the most efficient and economical access to documents, wherever they may be.

To the extent that the condition of the documents in the possession of the agency departs from what has been filed in Court the agency has failed to fulfill its obligations. In a voluminous record, the coherent ordering of the documents may be as important as the accurate duplication of the actual pages.

If the condition of the documents in the possession of the agency proves to be an obstacle to meaningful access or impedes the use of the documents the agency will be held responsible for the taking of corrective measures and the Court will consider appropriate remedial measures. For the moment, it is sufficient that the parties be given immediate access in accordance with this Court's previous order.

For the reasons expressed above, the motion for reconsideration is denied.